**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| SPECIALTY DENTAL HOLDINGS, LLC | § | |
| SPECIALTY DENTAL MANAGEMENT, LLC | § | Lead Case No. 23-10498 |
| SPECIALTY ORTHODONTICS, PC | § | Second Case No. 23-10501 |
| GROW PEDIATRIC MANAGEMENT, LLC | § | Third Case No. 23-10500 |
| | § | Fourth Case No. 23-10499 |
| Jointly Administered Debtors. | § | |
| | § | (Jointly Administered) |

## PLAN OF REORGANIZATION, DATED OCTOBER 10, 2023

### A. Background for Cases Filed Under Subchapter V

1.      Specialty Dental Holdings, LLC (SDH), Specialty Dental Management, LLC (SDM), Specialty Orthodontics, P.C. (SO) and Grow Pediatric Management, LLC (GPM) filed their petitions for relief under Subchapter V of Title 11 on July 10, 2023.

2.      The Court entered an order for joint administration but not substantive consolidation on July 14, 2023.

3.      SDH, SDM and GPM were formed from late 2021 to mid-2022 for the purpose of purchasing the assets of two pre-existing pediatric dental clinics, one located in Marble Falls, Texas, the other near the Lakeline Mall in Austin, Texas.  The intention was to improve the operation of these offices and add orthodontic services at each location, enhancing revenue and then extend the platform further with additional acquisitions and opening of new locations.  Consistent with restrictions in Texas law governing the corporate practice of dentistry, the business is structured as a dental service organization (DSO) involving three principal entities: (1) SDH is the holding company, which owns and manages GPM; (2) GPM is the operating management entity, which owns the non-clinical assets related to the dental practices; and (3) SDM is the practice entity, which owns the professional assets related to the dental practices,

oversees all clinical care at the dental practices, and is owned by Dr. Yashodhara Singh. Under a Management Services Agreement between GPM and SDM (the "MSA"), GPM is obligated to provide administrative and management support services to SDM. SDM pays the wages of the dentists, orthodontists and all other licensed providers and all remaining profits generated by SDM at the dental practices flow to GPM as a management fee, and then up to SDH (which owns 100% of GPM) . Specialty Orthodontics exists solely to process credit card payments related to orthodontic services. The Debtors' finances and debts are organized by office, consistent with the practice established by the prior owner and operator.

4.      A non-debtor entity, Sing Orthodontics, PC ("Sing Orthodontics"), provides some of the management and administrative services to the Debtors, on behalf of GPM, effectively serving as a subcontractor under the MSA. Sing Orthodontics is also owned by Dr. Singh.

5.      The Debtors' two primary sources of revenue are the provision of pediatric dental care services and pediatric orthodontics services. Revenue per each office location is broken out by pediatric and orthodontic services. Collectively, the Debtors have employed on average between 28-33 personnel at any given time.

6.      The Debtors have struggled to improve operations and generate sufficient profit, despite investments of time and services. Sing Orthodontics has provided, and continues to provide, services and personnel to the Debtors, which has generated a large and accruing payable to Sing Orthodontics that is simply unsustainable long-term. Separately, Dr. Singh has provided orthodontic services on behalf of the Debtors at the Debtors' offices to patients without receiving any compensation, and such revenue and receivable is booked to SDM's financials (net of certain credit card receipts which were offset).

7.      Also complicating efforts is the fact that there is a dispute between Dr. Arwa Owais, a minority owner of SDH and former employee of SDM, and the other owners and officers of these enmeshed

entities. This started with a dispute as to management of the offices and pay and escalated into a state court lawsuit regarding Dr. Owais' transactions with the Debtors.

8.     In recognizing the difficulties of the current situation, the officers of the Debtors have endeavored to repair the Debtors' finances and operations with the view of finding a viable purchaser for substantially all of the operating assets of the Debtor, after which funds would be available to address the debts accrued by the Debtors during the approximately year in which they operated the two respective offices. Efforts in this regard have been successful as the Debtors have located a buyer who is willing to buy all the assets of the Debtors under terms that would allow the Debtors to have sufficient funds to repay creditors. As part of this process, the Debtors have retained Holland & Knight, LLP ("H&K") as special counsel to advise them on the proposed sale of their assets to the buyer, and such employment was approved by the Court on August 24, 2023. The Debtors have signed an Asset Purchase Agreement to sell substantially all of their assets. The Court has approved the sale which is expected to close on or about October 19, 2023.

## B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity-interest holders would receive in a chapter 7 liquidation. The liquidation analysis required by 11 U.S.C. § 1190 is attached to the Plan as Exhibit A. The Debtor has assumed for purposes of preparing the liquidation analysis that the proposed sale did not close. This assumption is made because it is more likely that the case would be converted in the event that the sale did not close. Debtor estimates that in a liquidation, there would be funds of $11,372.49 to be paid to unsecured creditors. The Debtor estimates that unsecured creditors would receive less than 1% in a chapter 7 liquidation.

**C. Ability to Make Future Plan Payments and Operate Without Further Reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. Because this is a liquidating plan, the only funds will be those received from sale of the business and collection of accounts receivable. Projections that support the Debtor's ability to make all payments required by the Plan are attached to the Plan as Exhibit B. See 11 U.S.C. § 1190.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $1,448,438.27.  The projections do not take into account recoveries from litigation. Any such recoveries would constitute additional disposable income.

The final Plan payment is expected to be paid on October 10, 2024.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections**.

**ARTICLE 1:  SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from revenues received from operating its business.

This Plan provides for:

| [1 ] | Classes of priority claims; |
|------|------------------------------|
| [ 1 ] | Classes of secured claims |
| [ 3 ] | classes of non-priority unsecured claims; and |
| [ 1 ] | Classes of equity security holders. |

**Payment of non-priority unsecured claims.** Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at 64 cents on the dollar based on total unsecured claims of up to $1,570,113.37  and projected payments to unsecured creditors of $1,013,438.27.   However, this is based on estimates which will vary depending on administrative expenses and claims ultimately allowed.

**Payment of administrative expenses and priority claims:** This Plan provides for full payment of administrative expenses and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

| Class | Creditor | Amount | Type | Collateral (for secured creditors only) |
|---|---|---|---|---|
| 1 | Ad valorem taxes | $12,261.23 | S | Blanket lien on personal property within the county |
| 2 | Priority Tax Claims | $4,000.00 | P | |
| 2 | Patient refunds | $10.183.50 | P | |
| 3 | Unsecured Claims that are not patient claims, subordinated claims or intercompany claims | $1,570,113.37 | U | |
| 4 | Subordinated Claims | $280,000.00 | U | |
| 5 | Intercompany Claims | $0 | U | |

| 6 | Equity Interests of Specialty Dental Holdings, LLC | | U | |

Debtors' analysis of the claims in this case is attached as Exhibit C.

## ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIM

**3.01: Administrative expenses.** Administrative expenses allowed under § 503 of the Code will be paid as allowed. Administrative claimants may include:

Barron & Newburger, P.C., Debtors' Counsel
Holland & Knight, Special Counsel
Prac Tran, LLC, Broker
Michael Colvard, SubV Trustee
Forensic Accountant to be hired by SubV Trustee
Sing Orthodontics
J.P. Keane
Saide Tamplin (paid as contractor)
Dr. Ken Mackey, the Patient Care Ombudsman
Indemnity claims of equity holders of Specialty Dental Holdings, LLC for taxes incurred as a result of the sale of Debtors' assets.

Professional fees incurred prior to confirmation of the Plan as well as any other requests for payment of administrative expenses shall be subject to approval by the Court. Any applications for allowance of administrative expenses, including professional fees, shall be filed within twenty-eight (28) days after the Effective Date or shall be barred. Post-confirmation professional fees shall be paid by the Plan Trustee. The Plan Trustee shall be authorized to pay post-confirmation professional fees by submitting a notice to the Post-Confirmation Noticing Parties. If no objection is made to the proposed payment within fourteen days, the Plan Trustee shall be authorized to pay such fees.

## ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**4.01: Claims and interests are treated as follows under this Plan:**

| Class | Impairment | | Treatment |
|---|---|---|---|
| Class 1—Ad Valorem Taxes | ☐ Impaired<br>X Unimpaired | | The Plan Trustee shall pay the Class 1 claims on the Effective Date or as soon thereafter as the Plan Trustee Account is established. The Class 1 creditors shall be entitled to recover interest at the rate of 1% per month for the period between the Petition Date and the date upon which payment is made. |
| Class 2—Priority Tax Claims | ☐ Impaired<br>X Unimpaired | | The Plan Trustee shall pay the priority tax claims, if any, with interest at the appropriate statutory rate within fourteen days after the Effective Date or the date upon which such claims become Allowed Claims whichever is later. |
| Class 3—Patient Refunds | ☐ Impaired<br>X Unimpaired | | Class 3 consists of all claims of patients for refunds for overpayments. Such claims have been assumed by the purchasers of the Debtors' assets and will not be paid by the Plan Trustee |
| Class 4--Unsecured Claims of all Debtors other than Patient, Refunds, Subordinated Claims and Intercompany Claims | X Impaired<br>☐ Unimpaired | | After Administrative Claims and claims in classes 1-2 have been paid the amount of their Allowed Claims, The Plan Trustee shall pay the creditors in Class 4 on a pro rata basis. In the event that any creditor shall have claims against more than one estate, it shall be entitled to a single satisfaction of its Allowed Claim. |
| Class 5--Subordinated Claims | X Impaired<br>☐ Unimpaired | | Class 5 shall consist of claims for the repurchase or redemption of stock in Specialty Dental Holdings, LLC. This class shall include the claim of Dr. David Hertzberg and the claim, if allowed, of Dr. Arwa Owais, for the amount of her equity contribution.  After Administrative Claims and claims in Classes 1-4 have been paid the amounts of their Allowed Claims, the Plan Trustee shall pay the Class 5 creditors the amounts of their Allowed Claims on a pro rata basis. In the event that a claim has been satisfied in Classes 1-, it shall not be entitled to a satisfaction in Class 5. |
| Class 6—Intercompany Claims | | | All intercompany claims shall be cancelled and shall not receive a distribution. |
| Class 7--Equity Interests of Specialty Dental Holdings, LLC | ☐ Impaired<br>X Unimpaired | | After Administrative Claims and claims in Classes 1-5 have been paid the amount of their Allowed Claims, the Plan Trustee shall remit the remaining funds in the Plan Trustee account to Specialty Dental Holdings, LLC for distribution |

| | | to its equity holders in accordance with their respective membership interests. |
|---|---|---|

## ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.01:  Allowed Claims.**  An Allowed Claim is a claim which is scheduled by the Debtors without being noted as contingent, disputed or unliquidated or as to which the creditor has filed a proof of claim which has not been objected to within the period allowed by the Plan. If a claim has been objected to and has been allowed by a final and non-appealable order it shall also be an Allowed Claim.

**5.02: Disputed claim**.  A disputed claim is a claim that has not been allowed or disallowed and as to which either:

i.  A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

ii.  No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Any objections to claims shall be filed within thirty (30) days after the Effective Date. Objections to claims may be filed by any party in interest including the Plan Trustee. Parties in interest may object to scheduled claims in the same manner as they would object to a proof of claim.

**5.03: Delay of distribution on a disputed claim.**  No distribution will be made on account of a disputed claim unless and until it is allowed.

**5.04: Settlement of disputed claims.**  The Plan Trustee shall have the power and authority to settle and compromise a disputed claim with court approval and compliance with Federal Rule of Bankruptcy Procedure 9019.

**ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

a. The Debtors have previously assumed and assigned the following executory contracts and unexpired leases to the purchaser:

Gateway Atrium, LLC
Austin II SIV, LLC
Patient contracts

The Debtors propose to assume the following additional executory contracts:

Administrative services agreement and clinical services agreement with Sing Orthodontics
Independent contractor agreement with Sadie Tamplin
MME

Confirmation of the Plan shall constitute an order assuming the unexpired leases and executory contracts.

b. Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, either before the Effective Date or under section 6(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.  The following leases and contracts have been rejected or are the subject of a pending motion to reject:

Goodnight Medical Center, LP
Palmera Project, LLC
Wells Fargo Financial Leasing, Inc.

A proof of a claim arising from the rejection of an executory contract or unexpired lease shall be filed within 30 days after the date on which the court enters the order confirming this Plan.

**ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN**

7.01:  The Plan Trustee. Michael Colvard, the SubV Trustee, shall serve as Plan Trustee ("Plan Trustee").  The Plan Trustee shall have the authority to employ professionals without the need for further court order. The Plan Trustee shall be deemed to be an estate representative under 11 U.S.C. §1123(b)(3)(B). The power to pursue, release or compromise claims and causes of action belonging to the estates shall be vested in the Plan Trustee.

7.02    Post-Confirmation Fees.

(a)    Post-Confirmation Fees and Expenses of the Sub V Trustee. The Sub V Trustee shall be entitled to recoup reasonable fees and costs incurred performing his obligations as Sub V Trustee under this paragraph from the Plan Payments of $400 per month for post-confirmation plan obligations, and shall be entitled to reasonable attorney's fees in the event of that other non-administrative post-confirmation attorney services are required.  The Sub V Trustee shall submit a fee and expenses statement to the Reorganized Debtor, the Office of the United States Trustee, and Holders of Allowed Claims (the "Notice Parties"). The Sub V Trustee shall be compensated for his non-administrative post-confirmation duties at his normal hourly rate and shall be paid from the amounts paid by the Debtor for Plan Payments. The amount distributed or reserved to creditors will be net of the amounts remitted by the Reorganized Debtor to the Sub V Trustee. The Sub V Trustee's fees and expense shall be disclosed in the reports filed with the Court. All parties in interest will have 21 days after the reports are filed to object to the Sub V Trustee's fees and expenses disclosed therein. If no objection is received, the Sub V Trustee may disburse his fees and expenses from the Plan Payments without further order of the Court.

(b)    Debtor may engage post-confirmation counsel who shall be entitled to reasonable fees and expenses to be paid out of plan proceeds, following compliance with proceedings set forth

in para. 7.02(a) above, subject to post confirmation counsel for Debtor delivery to the Trustee, a true and correct copy of all post confirmation fee and expense statements and the Trustee not advising in writing of any objections within 10 days thereof

7.03  Provisions with Regard to Disbursements. The Plan Trustee shall act as the disbursing agent and will be responsible for making all payments to creditors and other parties in interest under the Plan, pursuant to 11 U.S.C. § 1183, as set forth below. The following provisions relate to the duties of the Plan Trustee:

A. During the payment period, the Plan Trustee shall make all payments of distributions to creditors from the Plan payments.  Distributions to Creditors by the Plan Trustee shall occur no less frequently than fifteen (15) days after the first day of each month following finalization of claims objections. The Plan Trustee shall make such distributions out from an account to be established by the Plan Trustee at an institution on the approved U.S. Trustee depository list account, which shall be maintained by the Plan Trustee for the duration of the payment period until Plan consummation following the final payment required under the Plan (the "Plan Trustee Account").

B. Disbursements to Allowed Claimants. As soon as is reasonably practicable after the Effective Date and following claims objections resolutions, the Plan Trustee shall initiate disbursement of Plan payments from the Plan Trustee Account, less amounts reserved for the Plan Trustee's fees and expenses, to the holders of Allowed Claims in the provisions provided under the confirmed Plan, on a pro-rata basis based on the total amount of Allowed Claims. For the avoidance of doubt, the funds available for disbursement to holders of Allowed Claims will be reduced in an amount equal to the Plan Trustee's fees and costs incurred as Plan Trustee and allowed in accordance with para. 3.01  herein. The Reorganized Debtor shall provide a list of claims, including Allowed

Claims and disputed claims to the Plan Trustee on or about the date for the Debtor to initiate Plan payments as set forth in Subparagraph A above the Plan Trustee which claims are "Allowed Claims" entitled to distribution, which claims are unresolved requiring the Plan Trustee to withhold funds as required in subparagraph (D) herein and which claims constitute disallowed claims entitled to no distribution.

C. Addresses for Disbursements. Disbursements shall occur by check drawn on the Trustee Account and may be delivered by the Plan Trustee to (i) the address for payment set forth on a proof of claim filed by the Holder or its authorized agent, (ii) at the address set forth in any written notices of change of address delivered to the Plan Trustee at Michael G. Colvard, Martin & Drought, P.C., 112 East Pecan Street, Suite 1616, San Antonio, TX 78205, or (iii) if the Holder has not filed a proof of claim or otherwise provided the Trustee with notice of its address, in the address set forth in the applicable schedule filed by the Reorganized Debtors in this case. If any distribution to a Holder of an Allowed Unsecured Claim is returned to the Plan Trustee as undeliverable, no further distributions shall be made to such Holder unless and until the Plan Trustee is notified in writing of such Holder's then-current address or other necessary information for delivery, at which time all currently due missed distributions shall be made to such Holder as soon as practicable. Undeliverable distributions shall remain in the possession of the Plan Trustee until such time as a distribution becomes deliverable and shall not be supplemented with any interest, dividends or other accruals of any kind. If, despite reasonable effort, the Plan Trustee is unable to obtain the information necessary to deliver a distribution within six months following the return of the undeliverable distribution, the Plan Trustee shall be authorized to treat such Holder's current and future claims as an Unclaimed Distribution (defined below).

D. No Fractional Disbursements. Notwithstanding anything contained herein to the contrary, payments of fractional dollars will not be made. Whenever any payment of a fraction of a dollar under the Plan would otherwise be called for, the actual payment made will reflect a rounding down of such fractions.

E. Time Bar to Cash Distributions. Holders of Allowed Claims shall have 120 days from the date of issuance to negotiate a check issued by the Plan Trustee on account of distribution. If a Holder fails to negotiate a disbursement check within this 120-day period, the Trustee shall have the right to void the check, and any current and future claims of such Holder to the Dividend shall be treated as an Unclaimed Distribution (defined below).

F. Unclaimed Distributions and Reversion. Any distribution made by the Plan Trustee to a Holder of an Allowed Claim under this paragraph that is undeliverable for more than six months for lack of address, cannot be made on account of such Holder's failure to comply with the Withholding Requirements set forth in subparagraph (D) above, or has not been negotiated within 120 days from the date of issuance on the distribution check shall become an "Unclaimed Distribution." Unclaimed Distributions shall be deemed unclaimed property under section 347(d) of the Bankruptcy Code and shall revest with the Reorganized Debtors and held by the Plan Trustee within the Plan Trustee Account. The Claim of any Holder or its successors with respect to such property shall be cancelled, discharged, and forever barred notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws, or any provisions in any document governing the distribution that is an Unclaimed Distribution, to the contrary. Unclaimed Distributions shall be distributed by the Plan Trustee to the remaining Holders of Allowed Claims, which distribution shall be effectuated through the subsequent distributions provided for under the Plan as if the Claim underlying such Unclaimed Distribution had been disallowed.

G. No Liability. Following entry of the Confirmation Order, any disbursements made by the Trustee on account of a Claim are deemed authorized disbursements, and the Plan Trustee shall have no liability for these disbursements. The Plan Trustee's obligations are limited to acting as the disbursement agent under the Plan. The Plan Trustee shall have no obligation to disburse Dividend Payments unless and until he determines that there are adequate funds in the Plan Trustee Account to cover a distribution to Holders, net of the Plan Trustee's fees and costs.

H. Distributions by the Plan Trustee on Disputed Claims. Except as otherwise provided in the Plan, no partial distributions will be made with respect to a Disputed Claim until the resolution of such dispute by settlement or Final Order. Unless otherwise agreed to by the Reorganized Debtors or as otherwise specifically provided in the Plan, a Holder who holds both an Allowed Claim and a Disputed Claim will not receive a distribution until such dispute is resolved by settlement or Final Order. The provisions of this section are not intended to restrict payment of any Allowed Unsecured Claims which are not disputed. Until a disputed claim is resolved, payment distributions to claimants holding disputed claims will be retained by the Plan Trustee subject to a final resolution of the Disputed Claim. Upon resolution in favor of the Allowed Claim the Plan Trustee will distribute withheld funds within the next payment period. If the Disputed Claim is disallowed, the Plan Trustee will make withheld funds available to Allowed Claim holders within the next payment period.

7.04. Additional Post-Confirmation Duties of the Plan Trustee. In addition to the duties set forth above and as set forth under 11 U.S.C. § 1183, duties of the Trustee include those relating to:

(1) The right to appear and be heard in any post-confirmation hearing in relation to any issue arising within the post-confirmation affairs of the reorganized Debtor;

(2) Right to acquire required bonding, which costs are to be satisfied out of Debtor's Plan Payments under 11 U.S.C. §1191(d);

(3) Right to take all steps necessary to ascertain Allowed Claim amounts, to prepare and issue claims recommendations and to obtain court determinations on amounts.

of Allowed Claims and distributions;

(4) Other matters reasonably necessary to ensure that the Plan Payments are made on a full and timely basis and filing of a final report.

7.05    Source of Funds:   The monies to fund the Plan shall consist of: (i) all monies held by any of the Debtors on the Effective Date; (ii) all monies owed to the Debtors on the Effective Date, specifically including the pediatric dental receivables; and (iii) all monies recovered by the Plan Trustee from pursuing Estate Causes of Action.

7.06:  Preservation of Causes of Action. All Estate Causes of Action shall be preserved. Estate Causes of Action shall include (i) all causes of action arising under Chapter 5 of the Bankruptcy Code; (ii) all causes of action by the Estates or any of them against Sing Orthodontics, Dr. Yashodhara Singh, James Usdan or Dr. Arwa Owais or against any entity owned or controlled by any of them;  (iii) all rights to collect accounts receivable owed to the Debtors or any of them; and (iv) any claims or potential causes of action identified in the Forensic Report.  The Forensic Report is defined to be the report required to be produced pursuant to the Agreed Order on Motion for Removal of the Debtors-in-Possession (Dkt. #104).

**ARTICLE 8:  DEFAULT**

8.01：   It shall be an event of default if the Plan Trustee shall fail to make any payment when due under the Plan. A payment to an administrative claimant shall be deemed to be due twenty-eight (28) days after entry of an order allowing the administrative claim  provided that

the order allowing such claim has not been stayed pending appeal. Payments to the Class 3 unsecured creditors shall be due twenty-eight (28) days after all claims within Class 3 have been allowed provided that no stay pending appeal has been entered with respect to such claim.

8.02:    In the event of a default under the Plan, any creditor not receiving a timely payment may file a motion to compel the Plan Trustee to make payment under the Plan. This shall be the sole remedy for default.

## ARTICLE 9: GENERAL PROVISIONS

**9.01: Definitions and rules of construction.**  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**9.02: Effective date.**  The Effective Date of this Plan shall be the day that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the day after the date on which the stay expires or is otherwise terminated. These periods are calculated as provided in Federal Rule of Bankruptcy Procedure 9006(a)(1).

**9.03: Severability.**  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**9.04: Binding effect.**  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**9.05: Captions.**  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**9.06: Controlling effect.**  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**9.07: Retention of Jurisdiction.** The court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

**9.08:  Post-Confirmation Noticing.**  Any notices required to be sent post-confirmation shall be sent to the following:  (i) the Plan Trustee; (ii) Debtors' counsel; (iii) counsel for Dr. Owais; (iv) the U.S. Trustee; and (v) any party directly affected by the pleading or notice; provided that fee applications, motions to compromise and the Plan Trustee's final report shall be served upon all creditors and parties in interest.

**9.09    Post-Confirmation Reporting.**  The Plan Trustee shall file quarterly reports in the form prescribed by the U.S. Trustee.

**9.10    Trustee's Final Report.**  Upon conclusion of administration, the Plan Trustee shall file a final report in the form prescribed by the U.S. Trustee.

## ARTICLE 10: DISCHARGE

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt

on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in §

1192.

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. Mopac Expy, Suite 400
Austin, Texas 78731
(512) 649-3243
(512) 476-9253 Facsimile

/s/ Stephen Sather
Stephen Sather
State Bar No 17657520
**ATTORNEY FOR DEBTOR**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 10, 2023, a true and correct copy of the above and foregoing ***Subchapter V Small Business Plan*** was served upon the parties on the attached Matrix by United States Mail, first class, postage prepaid, or by electronic transmission through the Court's ECF noticing system to those parties-in-interest registered to receive such service and by email to the parties listed below.

*/s/ Stephen Sather*
Stephen Sather

Label Matrix for local noticing
0542-1
Case 23-10498-smr
Western District of Texas
Austin
Fri Sep 22 13:06:56 CDT 2023

Grow Pediatric Management, LLC
607 Cutlas
Dallas, TX 75201-3136

Specialty Dental Holdings, LLC
1500 S.A.W. Grimes Blvd. Suite 190
Round Rock, TX 78664-7843

Specialty Dental Management, LLC
607 Cutlas
Austin, TX 78734-4315

Specialty Orthodontics, LLC
607 Cutlas
Austin, TX 78734-4315

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

AOA Orthodontics Lab
1717 W Collins Ave Orange CA 92867
1717 W Collins Avenue
CA 92687

Air Supply of North Texas
2829 Fort Worth Ave
Dallas, TX 75211-2476

Alamo Welding Supply Company
PO Box 6356 Austin TX 78762
PO Box 6356
Austin, TX 78762-6356

American Orthodontics
3524 Washington Avenue
Sheboygan, WI 53081-6442

American Orthodontist
American Orthodontist
3524 Washington Avenue
Sheboygan, WI 53081-6442

Arwa Owais, DDS, MS
c/o Brian Cumings
Graves Dougherty Hearon & Moody, PC
401 Congress Ave., Suite 2700
Austin, TX 78701-3736

Arwa Owais, DDS, MS
c/o Streusand Landon Ozburn Lemmon
Attn: Rhona Mates
1801 S. Mopac Expwy., Ste. 320
Austin, TX 78746-9817

Atkins Pharmacy Services
701 Third Street
Marble Falls, TX 78654-5720

Atrium-HC
608 Gateway Central
Marble Falls, TX 78654-6354

Austin II SIV, LLC
c/o Lisa C. Fancher
Fritz Byrne, PLLC
221 West Sixth St., Suite 960
Austin, TX 78701-3444

Austin II, SIV, LLC
7900 Glades Road 600
Boca Raton, FL 33434-4105

BencoDenta;
PO Box 491
Pittston, PA 18640-0491

Brian T. Cumings
Graves Dougherty Hearon & Moody, PC
401 Congress Ave., Suite 2700
Austin, TX 78701-3736

Burnet Central Appraisal District
c/o McCreary, Veselka, Bragg & Allen
P.O. Box 1269
Round Rock, TX 78680-1269

CT Corporation
PO Box 4349
Carol Stream, IL 60197-4349

Cloud Dentistry
10 Mansell Court East 100
Roswell, GA 30076-5023

Communication By Hand
PO Box 9064
Austin, TX 78766-9064

DDS Match South
330 Franklin Road 135A-177
Brentwood, TN 37027-3280

David Hertzberg
C/O McGinnis Lochridge
Attn: Catherine Curtis
1111 W. 6th St., Bldg B, Ste 400
Austin, Texas 78703-5345

Design Ergonomics
198 Airport Road
Fall River, MA 02720-4770

Design Ergonomics, Inc.
Design Ergonomics, Inc.
198 Airport Road
Fall River, MA 02720-4770

Discus Dental
PO Box 847632
Dallas, TX 75284-7632

DynaFlex
8050 Hawk Ridge Trail Lake
Lake Saint Louis, MO 63367

Foley Fire Extinguisher Company
PO Box 2791
Cedar Park, TX 78630-2791

G&H Orthodontics
40 Linville Way
Franklin, IN 46131-5600

G3 Plumbing
2930 FM 917
Georgetown, TX 78626

Harris & Ward
333 E Short Street 120
Lexington, KY 40507-1976

Harris & Ward
Harris & Ward
333 E Short Street 120
Lexington, KY 40507-1976

Henry Schein
135 Duryea Road w
Melville, NY 11747-3834

Henry Schein HC
135 Duryea Road
Melville, NY 11747-3834

Henry Schein One/Ascend
Henry Schein One/Ascend
135 Duryea Road
Melville, NY 11747-3834

Henry Schein RS
135 Duryea Road
Melville, NY 11747-3834

Holland & Knight LLP
524 Grand Regency Blvd Brandon FL 33510
524 Grand Regency Boulevard
Brandon, FL 33510-3931

Holland & Knight LLP
c/o Cleveland R. Burke
100 Congress Ave., Suite 1800
Austin, Texas 78701-4042

IOS
12811 Capricorn Street
Stafford, TX 77477-3914

Insty Prints
4360 S. Congress 104
Austin, TX 78745-1118

Itemp Now
3108 Bradford St.
Woodbridge, VA 22193-1422

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

James Usdan
607 Cutlass
Austin, TX 78734-4315

Joseph Keane
330 Franklin Road 135A-159
Brentwood, TN 37027-3280

Komet USA, LLC
3042 Southcross Blvd 101
Rock Hill, SC 29730-9055

Laine Ramsey Orthodontics Lab
6116 Richardson Lane Austin TX
6116 Richardson Lane
Austin, TX 78741-3334

Larry Yazbeck
1353 Todd Drive
Dallas, TX 75203

MME
4715 Duckhom Drive
Sacramento, CA 95834

Magical Rewards, LLC
PO Box 366
Grandview, TX 76050-0366

Mesa Labs
12100 W 6th Ave
Denver, CO 80228-1252

National Pen
PO Box 847203
Dallas, TX 75284-7203

Nu Smile
3315 W 12th
Houston, TX 77008-6121

P&G Oral Health
24808 Network Place
Chicago, IL 60673-1248

Palmera Project, LLC
1301 S. Capital of Texas Hwy C-110
Austin, TX 78746-6534

Pitney Bowes
27 Waterview Drive
Shelton, CT 06484-4361

Premier Rewards
31248 Fawn View Lane Spring TX 77386
31248 Fawn View Lane

Pure Water Partners
Dept CH 19648
Palatine, IL 60055-0001

Quench
Quench
630 Allendale Road 200
King of Prussia, PA 19406-1695

Sadie Tamplin
1271 Doster Road
Madison, GA 30650-3529

Sedadent Anesthia
Sedadent Anesthia
3401 Royal Vista Blvd A100
Round Rock, TX 78681-1151

Stan Hemphill - Chief Appraiser
PO Box 098 Burnet TX 78611
PO Box 098
Burnet, TX 78611-0098


Stericycle
28883 Network Place
Chicago, IL 60673-1288

Sterling Bennet
1000 Broadway 250
Oakland, CA 94607-4033

Terminix
PO Box 802155 Chicago IL 60680
PO Box 802155
Chicago, IL 60680-2155


Texas Health Services
8407 Wall Street
Austin, TX 78754-4535

The County of Williamson, Texas
c/o McCreary, Veselka, Bragg & Allen
P.O. Box 1269
Round Rock, TX 78680-1269

The Dental Butler
49431 125 Ave SE
Snohomish, WA 98290


True Tech Solutions
Woodmont Avenue
Austin, TX 78703

USOXO
5512 N U Hwy 281
Marble Falls, TX 78654-3804

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450


Waller Lansden Dorth & Davis LLP
100 Congress Avenue 1800
Austin, TX 78701-4042

Waller, Lansden, Dortch & Davis, LLP
c/o Cleveland R. Burke
Holland & Knight, LLP
100 Congress Ave., Suite 1800
Austin, Texas 78701-4042

Wells Fargo Financial Leasing, Inc.
800 Walnut Street MAC F0005-055
Des Moines, IA 50309-3891


Wells Fargo, N.A.
PO Box 77096
Minneapolis, MN 55480-7796

Williamson County
c/o Julie Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

Williamson County Tax Office
904 S. Main Street Georgetown TX 78626
904 S. Main Street
Georgetown, TX 78626-5829


Xerox Corporation
PO Box 802555
Chicago, IL 60680-2555

Zentist
814 Mission Street Fl.6
San Francisco, CA 94103-3025

Charles Murnane
Barron & Newburger PC
7320 N. MoPac Expressway, Ste. 400
Austin, TX 78731-2347


Michael G. Colvard
Martin & Drought, PC
Weston Centre
112 E Pecan St, Suite 1616
San Antonio, TX 78205-8902

Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731-2347


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Holland & Knight, LLP
c/o Cleveland R. Burke
100 Congress Avenue, Suite 1800
Austin, Texas 78701-4042

End of Label Matrix
Mailable recipients      82
Bypassed recipients       1
Total                    83

EXHIBIT A

Specialty Dental Holdings, LLC, et al

Liquidation Analysis

| | Gross Amount | Liq. Pct. | Liq. Amt. | |
|---|---|---|---|---|
| Cash | $  58,183.94 | 100% | $  58,183.94 | 1 |
| Accounts Receivable | $ 321,611.77 | 50% | $ 160,805.89 | 1 |
| Lease Deposits | $  37,098.88 | 0% | $  - | |
| Inventory | $   5,000.00 | 25% | $   1,250.00 | |
| Equipment & Fixtures | $ 204,572.13 | 25% | $  51,143.03 | |
| Claims and Causes of Action | Unknown | 0 | 0 | 2 |
| Total | $ 626,466.72 | | $ 271,382.86 | |
| | | | | |
| Less Secured Claims | | | $   7,164.12 | |
| | | | | |
| Less Ch. 7 Trustee Commission | | | $  16,694.14 | 3 |
| Trustee Attorney | | | $  10,000.00 | |
| Trustee Accountant | | | $   2,500.00 | |
| | | | | |
| Less Ch. 11 Admin. Exp. | | | | |
| Barron & Newburger | | | 136665 | 4 |
| Holland & Knight | | | 70000 | 5 |
| Dr. Thomas Mackey | | | 6987.1 | 6 |
| Michael Colvard | | | 10000 | 7 |
| | | | | |
| Net Proceeds | | | $  11,372.49 | |

Notes

1 As of 8/31/23
2 Assumes Ch. 7 Trustee would not pursue claims and causes of action
3 Pursuant to 11 U.S.C. Sec. 326
4 As of 10/5/23
5 As of 9/22/23
6 As of 8/23/23
7 Estimated by Debtor's Counsel

EXHIBIT B
Specialty Dental Holdings, LLC
Pro Forma

| | | |
|---|---|---:|
| Cash on Hand | $ | 40,805.52 |
| Collection of Orthodontics Receivables | $ | 80,000.00 |
| Gross Sales Price | $ | 1,650,000.00 |
| Less Final Payroll | $ | (80,000.00) |
| Less Prorations | $ | (20,000.00) |
| Less Lease Cure Amounts | $ | (73,367.25) |
| Less Ortho Zero Balance Accounts | $ | (50,000.00) |
| Less Broker Fee | $ | (99,000.00) |
| Projected Disposable Income | $ | 1,448,438.27 |

EXHIBIT C
Specialty Dental Holdings, LLC, et al
Claims Analysis

**Estimated Administrative Claims**

| | | |
|---|---|---:|
| Barron & Newburger | $ | 150,000.00 |
| Holland & Knight | $ | 70,000.00 |
| Michael Colvard | $ | 25,000.00 |
| Forensic Accountant | $ | 50,000.00 |
| Sing Orthodontics | $ | 100,000.00 |
| JP Keane | $ | 30,000.00 |
| Indemnity Claims | Unknown | |
| Total | $ | 425,000.00 |

| | Source | Amount | | Debtor | Disputed? | Comments |
|---|---|---|---:|---|---|---|
| **Class 1** | **Ad Valorem Taxes** | | | | | |
| Burnet County | POC | $ | 2,167.24 | SDM | | Current year taxes assumed by purchaser |
| Williamson County | POC | $ | 10,093.99 | SDM | | Current year taxes assumed by purchaser |
| | | | | | | |
| **Class 2** | **Priority Claims** | | | | | |
| Comptroller of Public Accounts | POC | $ | 2,000.00 | GPM | YES | |
| Comptroller of Public Accounts | POC | $ | 2,000.00 | SDM | YES | |
| | | | | | | |
| **Class 2** | **Patient Refunds** | | | | | |
| Multiple | Sch | $ | 10,183.50 | SDM | | |
| | | | | | | |
| **Class 3** | **Unsecured Creditors** | | | | | |
| Air Supply of North Texas | Sch | $ | 1,340.48 | GPM | | |
| Alamo Welding Supply | Sch | | 4156.42 | GPM | | |
| American Orthodontics | Sch | $ | 717.06 | GPM | | |
| American Orthodontics | Sch | $ | 8,154.08 | GPM | | |
| AOA Orthodontics Lab | Sch | $ | 3,509.34 | GPM | | |
| Atkins Pharmacy Services | Sch | $ | 401.50 | GPM | | |
| Benco Dental | Sch | $ | 5,596.11 | GPM | | |
| Cloud Dentistry | Sch | $ | 2,254.56 | GPM | | |
| Communications by Hand | Sch | $ | 543.00 | GPM | | |
| CT Corporation | Sch | $ | 1,090.00 | GPM | | |
| DDS Match South | Sch | $ | 3,000.00 | GPM | | |
| Design Ergonomics | Sch | $ | 4,822.50 | GPM | | |
| Design Ergonomics | Sch | $ | 9,817.50 | GPM | | |
| Discus Dental | Sch | $ | 1,706.92 | GPM | | |
| Dr. Arwa Owais | POC | $ | 169,106.44 | GPM | YES | To avoid duplication Debtors have allocated |
| Dr. Arwa Owais | PoC | $ | 255,269.28 | SDM | YES | amounts alleged against multiple debtors |
| Dyna Flex | Sch | $ | 256.05 | GPM | | Dr. Owais has alleged joint & several liability |
| Foley Fire Extinguisher Company | Sch | $ | 165.36 | GPM | | |
| G & H Orthodontics | Sch | $ | 5,003.77 | GPM | | |
| G3 Plumbing | Sch | $ | 568.31 | GPM | | |
| Harris & Ward | Sch | $ | 20,440.00 | GPM | | |
| Harris & Ward | Sch | $ | 3,900.00 | GPM | | |
| Henry Schein | Sch | $ | 14,270.52 | GPM | | |
| Henry Schein One/Ascend | Sch | $ | 20,735.35 | GPM | | |
| Henry Schein RS | Sch | $ | 21,454.09 | GPM | | |
| Holland & Knight | POC | $ | 67,628.22 | SDH | | |
| Holland & Knight | POC | $ | 33,825.68 | GPM | | |
| Holland & Knight | POC | $ | 34,235.18 | SDM | | |
| Insty Prints | Sch | $ | 1,565.31 | GPM | | |
| IOS | Sch | $ | 102.27 | GPM | | |
| Itemp Now | POC | $ | 53,517.47 | SDM | | |
| James Usdan | Sch | $ | 2,700.99 | GPM | | |
| James Usdan | Sch | $ | 11,500.00 | GPM | | |
| Joseph Keane | Sch | $ | 13,000.00 | GPM | | |

| | | | | | |
|---|---|---|---|---|---|
| Joseph Keane | Sch | $ | 85,091.99 | GPM | |
| JP Morgan Chase Bank | POC | $ | 34,979.94 | SDH | |
| Kennedy Business Services | POC | $ | 25,300.00 | SDM | YES |
| Kennedy Business Services | POC | $ | 12,750.00 | SDM | YES |
| Komet USA, LLC | Sch | $ | 67.16 | GPM | |
| Laine Ramsey Orthodontics Lab | Sch | $ | 409.00 | GPM | |
| Larry Yazbeck | Sch | $ | 1,000.00 | GPM | |
| Magical Rewards, LLC | Sch | $ | 556.58 | GPM | |
| Mesa Labs | Sch | $ | 1,100.50 | GPM | |
| MME | POC | $ | 22,235.46 | GPM | |
| National Pen | Sch | $ | 1,534.88 | GPM | |
| Nu Smile | Sch | $ | 2,660.20 | GPM | |
| P & G Oral Health | Sch | $ | 227.06 | GPM | |
| Palmera Project, LLC | Sch | $ | 7,416.67 | GPM | |
| Pitney Bowes | Sch | $ | 412.05 | GPM | |
| Premier Rewards | Sch | $ | 1,368.60 | GPM | |
| pure Water Partners | Sch | $ | 674.02 | GPM | |
| Quench | Sch | $ | 108.14 | GPM | |
| Sadie Tamplin | Sch | $ | 11,000.00 | GPM | |
| Sedadent Anesthesia Services | Sch | $ | 2,550.00 | GPM | |
| Sing Orthodontics | Sch | $ | 405,936.00 | GPM | |
| Stericycle | Sch | $ | 723.71 | GPM | |
| Sterling Bennett | Sch | $ | 50.00 | GPM | |
| Terminix | Sch | $ | 1,382.39 | GPM | |
| Texas Health Services | POC | $ | - | SDM | |
| The Dental Butler | Sch | $ | 1,650.00 | GPM | |
| True Tech Solutions | Sch | $ | 550.00 | GPM | |
| USOXO | Sch | $ | 1,544.15 | GPM | |
| Waller Lansden Dortch & Davis | POC | $ | 67,628.22 | SDH | |
| Waller Lansden Dortch & Davis | POC | $ | 73,049.26 | SDM | |
| Wells Fargo Bank, NA | Sch | $ | 7,398.38 | GPM | |
| Xerox Corporation | Sch | $ | 1,315.43 | GPM | |
| Wells Fargo Financial Leasing | POC | $ | 18,695.82 | SDH | YES |
| Zentist | Sch | $ | 2,394.00 | GPM | |
| Total | | $ | 1,570,113.37 | | |

| | | | | | |
|---|---|---|---|---|---|
| Class 4      Subordinated Claims | | | | | |
| Dr. Arwa Owais | POC | $ | 210,000.00 | SDH | YES |
| Dr. David Hertzberg | POC | $ | 70,000.00 | SDH | |

| | | | | | |
|---|---|---|---|---|---|
| Executory Contracts and Unexpired Leases | | | | | |
| Atrium-HC | Sch | $ | 59,682.70 | GPM | |
| Austin II SIV, LLC | POC | $ | 56,184.77 | SDM | |